## THE NELLIE MAY.

### UNITED STATES *v.* THE NELLIE MAY.

*(District Court, D. Rhode Island. May 27, 1892.)*

PENALTIES AND FORFEITURES—PASSENGER ACT—LIBEL IN REM—WHEN MAINTAINABLE.
    Under the passenger act of August 2, 1882, (22 St. at Large, p. 186,) a libel against a ship to recover the penalties for violation of that act can only be maintained after the shipmaster's trial and conviction of the same offense, and for the purpose of enforcing payment of the fine imposed upon him.

In Admiralty. Libel to recover penalty for violation of the passenger act of 1882. Dismissed.

*Rathbone Gardner*, Dist. Atty., for the United States.
*Amasa M. Eaton* and *Walter B. Vincent*, for claimant.

CARPENTER, District Judge. This is an information and libel filed by the attorney of the United States for this district against the schooner Nellie May, wherein it is alleged that the said schooner is an American vessel, belonging to a citizen of the United States, and that Joas J. Godinho, being master of said schooner, has transported from Brava to Providence 48 emigrant passengers without there having been provided for said passengers the accommodations required by an act to regulate the carriage of passengers by sea, approved August 2, 1882, and in violation

of the first, second, third, and fifth sections of that act; and that by reason thereof the vessel has become liable to the penalties provided by said act. Claim is made by Antonio Coelho, part owner of the vessel, who moves that the libel be dismissed, because it is not therein alleged that Godinho has been convicted of the alleged infraction of the statute. I am clear that the libel must be dismissed. The whole scheme of the statute (22 St. at Large, p. 186) is to forbid the performance of certain acts by the master of a vessel, and to denounce against him various penalties for disobedience; and it further provides in section 13—

"That the amount of the several fines and penalties imposed by any section of this act upon the master * * * for any violation of the provisions of this act shall be liens upon such vessel, and such vessel may be libeled therefor in any circuit or district court of the United States where such vessel shall arrive or depart."

The vessel is thus liable for the fines imposed by the act. But the act imposes no fine except upon such delinquents as have been convicted. It states, indeed, for example, in the first section, that "the master of a vessel coming to a port or place in the United States in violation of either of the provisions of this section * * * shall be fined fifty dollars, * * * and may also be imprisoned not exceeding six months." Doubtless, however, in this and all similar clauses of the act the words "being duly convicted" are necessarily implied. The words of the statute therefore do not impart a primary liability of the vessel. And a consideration of the whole scope of the statute, I think, makes it clear that the liability of the vessel is only ancillary, and that the purpose of the remedy by libel against the vessel is only to enforce the payment of a penalty already primarily denounced by judgment against the master. The lien on the vessel is a security for the payment of the fines. If it be not so, then the owner of the vessel might be compelled in the admiralty to pay the penalty for acts which, according to the judgment of the court on the law side, have not been committed. Results such as this do sometimes happen as the result of lawful proceedings' in court, but they ought not to happen in consequence of the judicial construction by the same court of two clauses in the same statute. Libel dismissed.